IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

OSCAR DE LEON GARCIA,
Defendant.

CRIMINAL NO. 07-026 (CCC)

**REPORT AND RECOMMENDATION**

Defendant Oscar de León-Garcia was charged in a two counts Information. Count One charges that on or about June 14, 2006, defendant, aided and abetted by another did knowingly and intentionally possess with intent to distribute a controlled substance to wit: approximately nineteen point eight (19.8) grams of marihuana (contained in approximately seventeen (17) plastic bags), Schedule I, Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 2.

Count Two charges that defendant, on June 14, 2006, aided and abetted by another, did knowingly and unlawfully possess a firearm, a Glock .9 mm, model 19, semi-automatic pistol, loaded with ten (10) rounds, during and in furtherance of the commission of a drug trafficking offense, to wit, possession with the intent to distribute a controlled substance (approximately 19.8 grams of marijuana), as charged in Count One of the Information, which may be prosecuted in a Court of the United States, in violation of Title 18, United States Code, Section 2 and 924(c)(1)(A)(ii).

Defendant appeared before this Magistrate Judge on January 23, 2006, since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and

<u>United States v. Oscar de León-García</u>
Criminal No. 07-026 (CCC)
Report and Recommendation
Page No. 2

a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Two of the Information, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Two he was examined and verified as being correct that: he had consulted with his counsel, Héctor E. Guzmán-Silva, from the Federal Defender's Office, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v. Oscar de León-García
Criminal No. 07-026 (CCC)
Report and Recommendation
Page No. 3

his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Guzmán-Silva, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty, as to Count One the maximum penalty is not more than five (5) years imprisonment, a fine up to two hundred fifty thousand dollars ($250,000.00), or both, and a supervised release term of not more than three (3) years, in addition to a special

assessment of one hundred dollars ($100.00), per count, as required by Title 18, <u>United States Code</u>, Section 3013(a). As to Count Two the maximum penalty for the subject violation is imprisonment of not less than seven (7) years, a fine up to two hundred fifty thousand dollars ($250,000.00), or both, and a supervised release term of not more than three (3) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, <u>United States Code</u>, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to 11(c)(1)(A) and (C) FRCP" (the Agreement) was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Two, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.

To this effect, and as stated in paragraph six (6) of the Agreement, defendant is aware that the sentence is within the sound discretion of the sentencing judge and may be imposed in accordance with the U.S.S.G., which are advisory. The parties agree that six (6) months is an appropriate sentence of imprisonment for a conviction of Count One. Further, eighty four (84) months is the statutory minimum term of imprisonment for a conviction of Count Two. Defendant was aware that the parties understand this recommendation binds the Court once the

Court accepts the plea agreement. In the event the Court does not accept the plea agreement, defendant understands he may withdraw his plea.

The above-captioned parties' estimate and agreement appears on paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties have agreed as to Count One that the Base Offense Level of six (6), will be reduced by two (2) levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, for a Total Offense Level of four (4).

For Count Two, the guideline sentence required by statute, pursuant to U.S.S.G. § 2B3.1, for brandishing a weapon in furtherance of or in relation to a drug trafficking crime, is eighty-four (84) months, consecutive to any other term of imprisonment imposed.

Pursuant to paragraph eight (8) of the Agreement, the parties agree to recommend that a sentence of six (6) months imprisonment for Count One. In Count Two, the parties recommend a sentence of eighty-four (84) months consecutive to any other term of imprisonment imposed.

Pursuant to paragraph nine (9) of the Agreement, the parties agree that any remaining Counts of the Indictment and the Superseding Indictment (Cr. No. 06-237 (CCC)) will be dismissed upon sentencing.

The parties do not stipulate any assessment as to the defendant's Criminal History Category. The United states and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are

thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Statement of the Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they

United States v. Oscar de León-García
Criminal No. 07-026 (CCC)
Report and Recommendation
Page No. 7

be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant was read in open court and shown the Information, provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Two of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Two of the Information in Criminal No. 07–026 (CCC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Information in Criminal No. 07-026 (CCC).

**IT IS SO RECOMMENDED.**

The sentence will be held on April 12, 2007 at 4:30 PM before Hon. Consuelo C. Cerezo, District Court Judge.

San Juan, Puerto Rico, this 14th day of February of 2007.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph sixteen (16) a waiver of appeal.